IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DANIEL NASSIFF | § | |
| | § | |
| v. | § | No.  A-10-CA-328 SS |
| | § | |
| CLAUDE MAYE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are John Daniel Nassiff's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(Clerk's Doc. No. 1), Memorandum in Support of the Application (Clerk's Doc. No. 2), Respondent's Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 6), and Petitioner's Response to Respondent's Memorandum Against Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 7).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.    GENERAL BACKGROUND

On June 30, 2008, John Daniel Nassiff pled guilty pursuant to a plea agreement to conspiracy to distribute or possess with intent to distribute ecstasy, methamphetamine, and GHB, in violation of 28 U.S.C. § 841.  On October 23, 2008, the District Court sentenced him to 47 months in prison, 3 years of supervised release, and a $100 fine.  The Court ordered his federal sentence to run concurrently to any state sentence imposed on him in Dallas County.

On May 6, 2009, Nassiff field a pro se writ of habeas corpus to vacate his sentence in the Eastern District of Texas—his sentencing court—under 28 U.S.C. § 2255.  The Magistrate Judge recommended that his petition be denied, Nassiff objected to the recommendation, but on June 15, 2009, the District Court adopted the Magistrate Judge's recommendation, denied Nassiff's petition, and dismissed his case.

Nassiff, currently confined at FCI Bastrop, filed the instant habeas petition under 28 U.S.C. § 2241 on May 15, 2010.  Nassiff alleges that the Bureau of Prisons (BOP) has violated his rights by misinterpreting 18 U.S.C. § 3621(e)(2)(B), the statute that provides the BOP authority to reduce a prisoner's sentence if he completes a drug abuse program.  The BOP has categorically excluded prisoners who received a sentence enhancement for a firearm from receiving a reduction, but the Courts of Appeal have split on whether that rule is valid.  Nassiff, who the BOP is categorically excluding from early release, asks the Court to grant him eligibility for a sentence reduction or to reduce his term of supervised release.

## II.   ISSUES PRESENTED

Nassiff argues that the BOP violated the Equal Protection Clause of the Fourteenth Amendment, the Administrative Procedure Act (APA), and the Due Process Clause of the Fifth Amendment when it denied him the possibility of early release after he completed the BOP's Residential Drug Abuse Program (RDAP).

Nassiff applied for BOP's RDAP and completed the program.  Upon completion of the program, an inmate convicted of a nonviolent felony may obtain a sentence reduction not exceeding one year, subject to the BOP's discretionary authority under 18 U.S.C. § 3621(e)(2)(B).  BOP maintains a policy, codified at 28 C.F.R. § 550.55(b)(5)(ii), which categorically excludes from early release any inmates with a felony conviction for "[a]n offense that involved the carrying, possession,

2

or use of a firearm."  Nassiff instituted proceedings under 28 U.S.C. § 2241, alleging that this exclusion wrongfully denies him the opportunity for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

## III.    ANALYSIS

### A.    Standard of Review

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  A petition for writ of habeas corpus may only be filed in the district where the prisoner is incarcerated.  *Id*.

Nassiff filed his habeas petition pro se.  "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief.)  Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

**B.      Equal Protection Violation**

Nassiff argues that BOP's categorical exclusion policy, which denies him the possibility of a sentence reduction under § 3621(e)(2)(B), is unenforceable because it violates the Equal Protection Clause of the Fourteenth Amendment.  He contends that several of the inmates incarcerated with him in the Bastrop facility should be ineligible for early release after the Fifth Circuit's decision in *Handley v. Chapman*, 587 F.3d 273 (5th Cir. 2009).  These inmates apparently completed their RDAP in the Ninth Circuit, and under BOP rules are receiving the benefit of the Ninth Court's decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which held that the BOP's categorical exclusion was arbitrary and capricious.  While the Fifth Circuit rejected the Ninth Circuit's position when it decided *Handley*, the BOP allows any inmate either incarcerated in the Ninth Circuit, or held within the Fifth Circuit but who completed the RDAP in the Ninth Circuit, to receive early release.  According to Nassiff, these inmates should be ineligible for relief under *Handley*, but if they are receiving the benefit of the *Arrington* decision, so should he.

Nassiff contends that he has been denied equal protection under the law because he cannot receive the same relief that the *Arrington* prisoners can receive.  In the absence of a showing that a fundamental right is implicated, or that plaintiff is a member of a suspect class, courts employ only "rational-basis" review on claims such as Nassiff's.  *Handley*, 587 F.3d at 280.  The relief obtained by the petitioners in *Arrington*—the opportunity to obtain a reduced sentence—is not a "fundamental right."  *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998).  The Fifth Circuit has also recognized that *Arrington* does not create a "basis for equal protection relief for prisoners outside the Ninth Circuit" because such prisoners do not constitute a "suspect class."  *Handley*, 587 F.3d at 280 & n.5.  Rational-basis review is therefore the appropriate standard, and Nassiff may prevail only by negating "any reasonably conceivable state of facts that could provide a rational basis for the classification"

4

made by the BOP's categorical exclusion policy. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (citation and internal quotation marks omitted). He has not carried this burden and is not entitled to relief.

**C.      Administrative Procedure Act Violation**

Nassiff's second ground for relief—BOP's abuse of discretion—can be construed as an argument that BOP's categorical exclusion policy is unenforceable because it is "arbitrary and capricious" under § 706(2)(A) of the APA. Nassiff challenges the BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B),[1] but this challenge is without merit. In *Handley*, the Fifth Circuit held that this version of the regulation was neither arbitrary nor capricious because BOP articulated "public safety" as a rationale for the BOP's policy, and it expressly rejected the Ninth Circuit's contrary conclusion in *Arrington*. *Handley*, 587 F.3d at 276. This Court is bound by the decision in *Handley*, and the relief requested by Nassif is precluded by that decision.

**D.      Due Process Violation**

Finally, Nassiff argues that by not transferring him to the Ninth Circuit, where he could receive early release, the BOP is violating his Due Process rights under the Fifth Amendment. First, it does not appear that Nassiff has exhausted his administrative remedies by requesting a transfer to the Ninth Circuit. Nassiff's counter is that the inmates who were transferred from the Ninth Circuit to the Fifth Circuit did not request a transfer, so he does not need to either. This is not persuasive. Regardless, even if Nassiff had exhausted his administrative remedies, his claim would still fail.

---

[1] It is unclear if Nassiff is challenging 28 C.F.R. § 550.58(a)(1)(vi)(B) or the new version, codified at 28 C.F.R. § 550.55. In either case, *Handley* holds that both versions are valid under the APA and 550.55's "application would not have an impermissible retroactive effect." *Handley*, 587 F.3d at 277.

In the prison context, the Due Process Clause operates only where a prison action has "implicated or infringed" upon a prisoner's "liberty interest." *Meachum v. Fano*, 427 U.S. 215, 223 (1976). If Nassiff is arguing that he has a liberty interest in a sentence reduction, the Fifth Circuit has explicitly held that "'[t]he Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.'" *Handley*, 587 F.3d at 281 (quoting *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007)); *Rublee*, 160 F.3d at 217 (finding that an inmate has "no protected liberty interest in receiving a § 3621(e)(2)(B) sentence reduction")). Therefore, the Court rejects Nassiff's claim.

## IV.    RECOMMENDATION

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** John Nassiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1).[2]

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

---

[2]On December 13, 2010, the Court received a letter from Nassiff complaining about an issue regarding his anticipated release date, unrelated to the issue raised in this petition. See Clerk's Doc. No. 10. Because that letter raises a wholly new issue, Nassiff must pursue that matter in a separate proceeding, after first exhausting his administrative remedies within the BOP's rules and procedures.

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of December, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE